Nash, J.
 

 The case of the
 
 State
 
 v
 
 Clarissa,
 
 a slave, 5 Ire. 221, has been referred to as an authority in this case> to sustain the jurisdiction of the Superior Court of Beaufort, over the offence charged in the indictment in this 'case. We are relieved from any embarrassment in overruling a decision of this Court. ' It is so important to the citizens of the country, that the law should be finally settled, and, when settled by a series of adjudications, steadily adhered to, that I cannot bring myself tó depart from it, fho’ I may' question the soundness of the cases establishing
 
 *157
 
 it. In this case there is no difficulty of that character. The decision in that case, we adhere to as correct. That portion of the opinion, bearing upon the question now before us, may be considered as an
 
 obiter
 
 dictum, and in no way important to the decision of the case then under adjudication. It is so manifestly wrong, that we are at a loss to account for it. The Act ol ’04 constituting the 3lst sec. of the 111th ch, of the Revised Statutes, is not repealed by the Act of ’31, constituting the 32d sec. of the ■same Revised Statute, They operate upon separate and distinct offences. The 3lst section forbids persons to suffer their slaves to hire their own time, and punishes them when they do so, by the loss of the services of their slave for a limited time, and the forfeiture of forty dollars, “ to be recovered before any Justice of the Peace, to the sole benefit of the party prosecuting.” The clause then points out how the slave is to be dealt with. The Grand J uries, both of the County and Superior Courts, are directed to present all slaves, within their respective counties, who do so hire their own time, and are permitted to go at large. If the presentment is made in the Superior Court, a warrant is directed to be issued to the Sheriff, returnable before the next County Court. It is the duty of the Sheriff to have the slave there, and of the Court to empanel a Jury to “inquire into, and try the truth of the presentmentand, upon conviction, the slave is to be hired out for one year. By this section, the offence of the master is clearly pointed out. The Act of ’31 made no alteration in the Act of ’91, but introduced a new offence, to wit: suffering a slave to go at large as a free man. A custom had sprung up in the State, particularly among that class of citizens who were opposed to slavery, of permitting persons of color, who, by law, are their slaves, to go at large as free, — thereby introducing a species of
 
 quasi
 
 emancipation, contrary
 
 *158
 
 to the law, and against the policy of the State. It was to repress this evil, that the Act was passed, and, for a violation of its provisions, the master is liable to indictment under the Act of ’94 ; for suffering his slave to hire his time, and go at large, the master is not indictable. The law has made a distinction between the two acts of the master.— Both are evils, but not of the same grade. In the one, the master still considers himself the owner of the slave, and the latter is made to feel and act as his slave; in the other, all the restraints of servitude are thrown aside, — a new class of members of society introduced, or attempted to be introduced, contrary to law, and injurious to the community. The Act of ’31 did not repeal the Act of ’94, and the Superior Court of Beaufort county had no original jurisdiction of the offence charged against the defendant, and the judgment must be reversed. I do not regret that the duty of drawing this opinion has been assigned to me. The opinion in the case of Clarissa was drawn by me. To retrace my steps, when apprised of an error, is simply a duty.
 

 Per Curiam. Judgment reversed.